

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00453-CV

---

**IN RE: THE COMMITMENT OF BERNARD JOHN KOELZER**

---

On Appeal from the 223rd District Court
Gray County, Texas
Trial Court No. 40733, Honorable Phil N. Vanderpool, Presiding

---

August 23, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

In May 1995, Appellant entered guilty pleas for two sexual offenses committed within a span of sixteen months. The first, an aggravated sexual assault, occurred in March 1993. The second, a burglary of a habitation with attempted sexual assault, took place in July 1994. For these crimes, Appellant received a thirty-year sentence of confinement.

Subsequently, a jury determined that Appellant meets the criteria of a sexually violent predator as defined by Texas law. This finding led the trial court to issue a final

judgment and order of civil commitment.[1]  Under section 841.003(a) of the Texas Health and Safety Code, a sexually violent predator is an individual who: (1) has a history of repeat sexually violent offenses, and (2) suffers from a behavioral abnormality that predisposes them to engage in predatory acts of sexual violence.

Appellant's appeal centers on a single contention: that the evidence presented by the State was insufficient to support the jury's finding that he meets the statutory definition of a repeat sexually violent offender.  The core of Appellant's argument is that his July 1994 conviction for burglary with attempted sexual assault does not qualify as a "sexually violent offense" under the relevant statute.[2]  This assertion, if correct, would undermine his classification as a repeat offender.

This Court has previously addressed and rejected an argument similar to Appellant's.  In *In re Commitment of Wiley*, No. 07-20-00039-CV, 2021 Tex. App. LEXIS 660 (Tex. App.—Amarillo Aug. 11, 2021, pet. denied) (mem. op.), we confronted a comparable argument.  The appellant in *Wiley* contended that his 1995 burglary conviction should not be classified as a sexually violent offense because he allegedly "attempted to commit and committed" aggravated sexual assault rather than entering the habitation "with intent to commit" aggravated sexual assault.  *Id.* at *1–3.

In denying Wiley's first motion for en banc consideration, we clarified that the element of intent to commit sexual assault is subsumed within the offense charged, and

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 841.001–.151.

[2] Appellant does not challenge whether the State's evidence supports the jury's finding that Appellant suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence.

characterized Wiley's argument as an improper collateral attack on the judgment of conviction. *Id.* Subsequently, in rejecting Wiley's second motion for en banc reconsideration, we emphasized that "the offense of burglary punishable under subsection (d) of section 30.03 of the Texas Penal Code is, by definition, a sexually violent offense. It is simply not any more complicated than that." *See In re Commitment of Wiley*, No. 07-20-00039-CV, 2021 Tex. App. LEXIS 10005, at \*2 (Tex. App.—Amarillo Dec. 7, 2021). Our position on this issue aligns with other courts of appeals. *See In re Adams*, No. 05-22-00085-CV, 2023 Tex. App. LEXIS 612, \*8–13 (Tex. App.—Dallas Jan. 31, 2023, pet. denied) (citing *Wiley* and reaching the same conclusion).

Appellant draws our attention to a 2023 amendment to section 841.002(8)(C) of the Texas Health and Safety Code. The revised statute now explicitly defines "sexually violent offense" to include burglary, provided the offense is punishable under subsection (d) and the perpetrator "entered the habitation" with the intent to commit sexual assault or aggravated sexual assault, "or committed *or attempted to commit"* such offenses. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.002(8)(C); 2023 Tex. SB 1179, 2023 Tex. Gen. Laws 351, 2023 Tex. Ch 351, 2023 Tex. ALS 351 (effective September 1, 2023). Appellant posits that if our interpretation in *Wiley* was correct, then "the Legislature's amendment to section 841.002(8)(C) was merely pro forma, and the Legislature intended nothing by the 'change' in the statute." While novel, this argument is flawed.

When, after a court decision interpreting a statute, the legislature reenacts a statute without material alteration, we must presume that it was aware of, endorsed, and intended to preserve prior judicial constructions of that statute. *Perales v. State*, No. 03-13-00511-CR, 2014 Tex. App. LEXIS 11261, at \*6–7 (Tex. App.—Austin Oct. 10, 2014,

pet. ref'd).  In this instance, the legislative amendment *aligns* with our prior interpretation of the statute.  It would be illogical to infer that the legislature intended a different outcome when it adopted the very position previously articulated by this Court.  Had the legislature intended to diverge from our interpretation, we believe it would have done so explicitly and unambiguously.  *Id.*

In light of our decision in *Wiley*, the consistent interpretation from another appellate court, and the Legislature's recent amendment that aligns with our prior construction, we conclude that Appellant's 1995 burglary conviction qualifies as a sexually violent offense under the statute.  The State presented sufficient evidence to support the jury's finding that Appellant is a repeat sexually violent offender.  Accordingly, Appellant's single issue is overruled.

## Conclusion

The trial court's *Order of Commitment* is affirmed.


Lawrence M. Doss
Justice

4